IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELICIA HENDRIX, CYNTHIA BROWN, OMAR MOHAMMAD, CARUM ROGERS, JOHN EBERLE, DOUG SHIPE, BRIAN QUINN, and MICHELLE YARBOROUGH, on behalf Of themselves and others similarly Situated, Plaintiffs, v. SHIPCOM WIRELESS, INC., Defendant. | CIVIL ACTION NO. 4:16-CV-2714 |

## MEMORANDUM AND ORDER ON PLAINTIFFS' REQUEST FOR CLASS CERTIFICATION AND MOTION FOR NOTICE TO POTENTIAL CLASS MEMBERS

Pending before the court[1] is Plaintiffs' request for an order allowing their claims to proceed as a representative collective action under the Fair Labor Standards Act[2] ("FLSA"), and their Motion for Notice to Potential Class Members ("Plaintiffs' Motion," Docket Entry # 19). The court has considered the motion, the response by Defendant Shipcom Wireless, Inc. ("Shipcom"), all other relevant filings, and the applicable law. For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

### I. CASE BACKGROUND

This is a claim for unpaid overtime wages by eight former employees of Shipcom. Seven[3] of these Plaintiffs were employed as "blueprinters." (Plaintiffs Motion at 3-7). The

---

[1] On January 4, 2017, the parties consented to proceed before a United States magistrate judge for all purposes, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry # 15.
[2] 29 U.S.C. §§ 201 *et seq.* Plaintiffs included the request for class certification in their Collective Action Complaint. (Docket #1).
[3] It is these seven Plaintiffs who seek class certification for their claims. The final Plaintiff Michelle Yarborough, was employed as a logistics lead for Shipcom. Yarborough does not request certification of a class to include other logistics leads, and she did not join this motion.

blueprinters were also referred to as inventory location designers, inventory room designers, or inventory design specialists. (*Id.* at 3, Defendant's Response at 3). Blueprinters were responsible for designing and re-organizing the supply areas and operating rooms at various medical facilities run by the Veterans Health Administration. (Plaintiffs' Motion at 3). This position is classified as "exempt" by Shipcom, and because of that the Plaintiffs did not receive overtime pay for any work in excess of 40 hours a week.

Plaintiff Felicia Hendrix worked as a blueprinter for Shipcom from July 2014, until June 2016. (Plaintiffs Motion at 2). She claims to have routinely worked more than 70 hours a week during her employment with Shipcom. (*Id.*). She was never paid overtime, because she was classified by the company as an "exempt employee" under the Fair Labor Standards Act. (*Id.*) Hendrix claims that there were approximately 100 other blueprinters who worked for Shipcom, either directly or as contractors, during her time with the company. She alleges that the other blueprinters were also classified as exempt employees, and did not receive overtime pay even though each worked more than 40 hours a week. (Plaintiffs Motion at 3).

Plaintiff Cynthia Brown worked for a staffing company that placed her with Shipcom as a blueprinter, from August 2014, until March 2016. (Plaintiffs Motion at 3). In March 2016, Shipcom hired her directly to continue her work as a blueprinter until she was "furloughed," one month later, in April 2016. (*Id.*). She claims to have worked 60 hours, or more, each week during her employment at Shipcom. (*Id.*).

Plaintiff Omar Mohammed was a blueprinter for Shipcom from August 2014, until June 2016 and he states that he routinely worked 50-60 hours a week. (Plaintiffs' Motion at 4). Carum Rogers also worked for the company as a blueprinter from December 2014, until June 2016. He also claims that he worked more than 70 hours a week at Shipcom. (*Id.*). Doug Shipe

and Brian Quinn were blueprinters for Shipcom from November 2014, until July 2016. (*Id.* at 5-6). Both men claim to have worked in excess of 50 hours a week at Shipcom. (*Id.*). John Eberle worked for Shipcom from January 2014, until July 2016. (*Id.* at 5). He was hired to be a "team lead," but was eventually made a blueprinter. (Defendant's Response at 4-5). He says that he worked more than 60 hours a week. (*Id.*). None of these men received overtime compensation, because they were considered to be, and were classified as, exempt employees by Shipcom. (Plaintiffs' Motion at 3-7).

Plaintiffs filed this lawsuit on September 7, 2016, alleging that they, and other blueprinters, had been misclassified as exempt employees and denied overtime pay in violation of the Fair Labor Standards Act. (Plaintiffs' Complaint, Docket Entry #1). Each Plaintiff has filed a "Consent to Become a Party Plaintiff." (Docket Entry #1, Exhibits A-F). On March 1, 2017, Plaintiffs filed their Motion for Notice to Potential Class Members. (Docket Entry #19). Plaintiffs are asking the court: (1) to authorize an approved notice of this action and a consent form, to be sent to all current and former blueprinters, who were employed by Shipcom between September 7, 2013 and the present, and who worked more than 40 hours a week without receiving overtime pay; and (2) to order Shipcom to provide the names and addresses of all current and former blueprinters employed by Shipcom from September 7, 2013, to the present. (Plaintiffs' Motion at 16). Implicit in this request is a threshold finding by the court that this matter is appropriate for certification, at least conditionally, as a collective action, which would justify a notice to potential class members.

In support of the motion, each Plaintiff filed a declaration. (Plaintiffs' Motion, Exhibits A-F). Each of these claimants describe similar job responsibilities in their positions as blueprinters, and all claim to have worked more than 40 hours a week without receiving overtime

3

pay. Each person also states that he or she knows that there are other blueprinters at Shipcom who also worked more than 40 hours a week, and were also denied overtime compensation. (*Id.* at Exhibits A-F).

After considering Plaintiffs' motion, Defendant's response, the pleadings, the evidence submitted, and the applicable law, the court **GRANTS** conditional class certification, and **GRANTS** the request for notice to potential class members as described below.

## II. MOTION FOR CONDITIONAL CERTIFICATION

### A. Conditional Certification under FLSA

The Fair Labor Standards Act requires employers to pay nonexempt employees for any work hours that exceed defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) allows employees to pursue a cause of action against those employers who have violated that requirement. *Id.* § 216(b). In fact, an employee may bring a collective action against his employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). But before a case may proceed as a collective action, the plaintiff must make an initial showing that the matter is appropriate for collective action treatment for "similarly situated" claimants. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

There are two tests that a court may use to determine whether to certify a collective action under the FLSA: the so called *Shushan* approach, or the *Lusardi* approach. *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). *See generally Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987). Under the *Shushan* approach, "similarly situated" plaintiffs are those who satisfy the class certification requirements of Federal Rule of Civil Procedure 23 ("Rule 23"):

> "Shushan espouses the view that [29 U.S.C. § 216(b)] merely breathes new life into the so-called "spurious" class action procedure previously eliminated from [Rule 23]. Building on this foundation, the court determined that Congress did not intend to create a completely separate class action structure for the FLSA ... context, but merely desired to limit the availability of Rule 23 class action relief under ... [the FLSA]. In application, the court determined that Congress intended the "similarly situated" inquiry to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. Under this methodology, the primary distinction between a ... [FLSA] representative action and a [Rule 23] class action is that persons who do not elect to opt-in to the ... [FLSA] representative action are not bound by its results. In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results."

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). On the other hand, the *Lusardi* approach mandates two steps to determine if potential parties are "similarly situated:" (1) the "notice" stage and (2) the "decertification" stage. *Moore v. Special Distribution Servs. Inc.*, No. 06-CV-3946, 2007 WL 2318478, at *2 (S.D. Tex. Aug. 8, 2007). "Because the court has minimal evidence, this determination is usually made using a fairly lenient standard [ ] and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214.

The Fifth Circuit has never identified which method should be used to determine whether plaintiffs are sufficiently "similarly situated." *Roussell v. Brinker Int'l, Inc.*, 441 Fed.Appx. 222, 226 (5th Cir. 2011); *Mooney*, 54 F.3d at 1216. The majority of courts within the Fifth Circuit, however, have consistently applied the *Lusardi* test. *See Johnson v. Big Lots Stores, Inc.*, No. 04-CV-3201, 2007 WL 5200224, at *3 (E.D. La. Aug. 21, 2007) ("Since *Mooney*, [54 F.3d 1207], district courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective [action] should be certified under the FLSA."); *also Abdur-Rahim v. Amerom, Inc.*, No. 13-CV-2105, 2013 WL 6078955, at *2 (S.D. Tex. Nov. 19, 2013) (using

the *Lusardi* test); *Rahman v. Fiesta Mart, LLC*, No. CV H-15-2295, 2016 WL 2346944, at *3 (S.D. Tex. May 4, 2016) (using the *Lusardi* test). Here, the court is persuaded that there is no reason to deviate from this practice, and the *Lusardi* test will govern Plaintiffs' claims.

During the notice stage of a *Lusardi* inquiry, the court must decide whether to conditionally certify a collective action, and then allow notice to issue to potential class members of their opportunity to opt in to the lawsuit. *Walker*, 870 F. Supp. 2d at 465. To obtain such a conditional certification, the plaintiff is required to make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff, in relevant respects, given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit.[4]" *Aguirre v. SBC Commc'ns, Inc.*, No. 05-CV-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006); *Rahman*, 2016 WL 2346944, at *1. In deciding whether to issue notice to potential class members, a lenient standard is used which generally results in conditional certification. *See Walker*, 870 F. Supp. 2d at 465 (noting that collective actions are generally favored under FLSA). However, a conditional certification is never automatic. *Ali v. Sugarland Petroleum*, No. 09-CV-0170, 2009 WL 5173508, at *5 (S.D. Tex. Dec. 22, 2009). "A factual basis for the allegations is needed to satisfy the first step." *Perez v. Guardian Equity Mgmt., LLC*, No. 10-CV-0196, 2011 WL 2672431, at *4 (S.D. Tex. July 7, 2011); *see also Hall v. Burk*, No. 01-CV-2487, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) ("Unsupported assertions of widespread violations are not sufficient to meet plaintiff's burden."). If the court does

---

[4] More than one court has rejected the requirement to show that individuals do want to opt in to the lawsuit. *See, Villareal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915-916 (S.D. Tex. 2010) (noting that "other courts, however, have rejected the third, non-statutory element) (*citing Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H–08–1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008) (unpublished); *Heckler v. DK Funding, LLC*, 502 F.Supp.2d 777, 780 (N.D. Ill.2007)).

conditionally certify the class and the requested notice issues, the case then proceeds as a collective action during discovery. *Walker*, 870 F. Supp. 2d at 466.

The decertification stage is then initiated if the defendant moves to decertify the conditionally-certified class. This usually takes place after discovery has been largely completed. *Mooney*, 54 F.3d at 1214. At this stage, the court must review the information garnered during discovery and make a factual determination on whether the members of the conditionally-certified class are truly similarly situated. *Id.* In that regard, the plaintiff's burden is more stringent at the decertification stage than at the lenient notice stage. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010). If the proposed claimants are found to be similarly situated, the case will then proceed to trial as a collective action. *Mooney*, 54 F.3d at 1214. If the claimants are not deemed to be similarly situated, the court decertifies the class, and dismisses the opt-in plaintiffs, without prejudice. *Id.* The original plaintiffs may then pursue the litigation on their individual claims. *Id.*

### B. Application of the *Lusardi* Notice Stage Inquiry

A claimant must make a minimal showing, at the notice stage, that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Aguirre*, 2006 WL 964554, at *6. Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required. *See Mooney*, 54 F.3d at 1214. Although this is a lenient standard, showing that employees are similarly situated "entails more than just a matching of job responsibilities," as the requirement "ensures that the collective action promotes the 'efficient

7

resolution of common issues of law and fact arising from the same alleged discriminatory activity.'" *Hunter v. Sprint Corp.*, 346 F.Supp.2d 113, 119 (D. D.C. 2004) (*quoting Hoffman– LaRoche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

### *1. Other Aggrieved Individuals*

The requirements of *Lusardi* are not stringent, and Plaintiffs need only show that it is reasonable to believe that there are other aggrieved employees, who were subject to the same allegedly unlawful policy or plan as they. See *Morales v. Thang Hung Corp.*, No. 4:08–2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (unpublished); *Yoakum v. PBK Architects, Inc.*, No. CIV.A. H-10-00278, 2011 WL 4688714, at *1 (S.D. Tex. Oct. 4, 2011). Plaintiffs here have presented seven declarations stating that: 1) each was a blueprinter at Shipcom and he/sheworked more than 40 hours a week but was not paid overtime; 2) like themselves, the other blueprinters at Shipcom were classified as "exempt employees"; and 3) other blueprinters worked more than 40 hours a week and were not paid overtime. (Plaintiffs Motion, Exhibits A-F). With this evidence, Plaintiffs have identified a group of aggrieved individuals.

Although Plaintiffs have shown only minimal support for their contention that there are other aggrieved individuals, Defendant concedes the declaration made by each is accurate. Defendant does not deny that there are other blueprinters who were classified as exempt and not paid overtime, or that other blueprinters had different responsibilities. Instead, Defendant admits that all blueprinters are classified as exempt employees, but insists that the classification is proper. (Defendant's Response at 11). ("[Defendant] contends . . . that the [blueprinters] were properly classified as exempt. . . ."). Whether the classification was proper is a defense to the FLSA claims, but it is not a reason to deny a conditional certification. Plaintiffs' declarations make it reasonable to believe other aggrieved blueprinters exist.

8

## 2. Similarly Situated

Potential class members are considered similarly situated to the named plaintiff if they are:

> "similarly situated" with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar. A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.

*Villarreal*, 751 F. Supp. 2d at 918 *citing Yaklin v. W–H Energy Servs., Inc.*, No. C–07–422, 2008 WL 1989795, at *2 (S.D. Tex. May 2, 2008) (unpublished). If the job duties among putative class members vary significantly, then class certification should be denied. *See, e.g., Dreyer*, 2008 WL 5204149, at *3 (unpublished); *Aguirre v. SBC Commc'ns, Inc.*, No. H–05–3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007) (unpublished).

Plaintiffs were all employed by Shipcom as blueprinters. Each has described the same basic job responsibilities, which included designing and reorganizing supply areas and operating rooms at VA hospitals. (*Id.*). As these blueprinters all had similar job responsibilities, it is reasonable to believe other blueprinters performed the same tasks. For that reason, Plaintiffs have established that their job requirements are similarly situated to those of a potential class of blueprinters.

Plaintiffs must also show that the potential class was affected by a common policy, plan, pattern, or practice to proceed collectively under section 216(b) of the FLSA. *Maynor v. Dow Chem. Co.*, No. CIV. A. G-07-0504, 2008 WL 2220394, at *7 (S.D. Tex. May 28, 2008) *citing O'Brien v. Ed Donnelly Enters., Inc.*, No. 2:04-CV-00085, 2006 WL 3483956, at *3 (S.D. Ohio Nov.30, 2006) (citations omitted) ("Plaintiffs must demonstrate that the Defendants had a common policy or plan in violation of the FLSA that negatively impacted the original and opt-in

Plaintiffs."). Defendant's concession that it classifies all blueprinters as exempt employees is sufficient to satisfy this element. *Diaz v. Applied Mach. Corp.*, No. CV H-15-1282, 2016 WL 3568087, at *9 (S.D. Tex. June 24, 2016) ("Because Nabors admits to treating all rig welders . . . as exempt independent contractions, . . . the court concludes that the potential class members are similarly situated in terms of . . . payment provisions."). All blueprinters employed by Shipcom were subject to the same pay provisions. Defendant insists that conditional certification is not appropriate here, because Plaintiffs "have not provided the substantial allegations necessary to show that any of them . . . were victims of an illegal pay policy under federal law. . . . [but] have merely alleged that their position was misclassified" without supporting evidence. (Defendant's Response at 11). However, whether Plaintiffs can actually prove their allegations that the complained of classification violated the FLSA affects their right to recover damages, only. An absence of proof, at this stage, does not defeat a showing that potential class members were subject to different pay provisions or that class certification is inappropriate.

Defendants also insist that certification is not proper here, because many of the blueprinters were not employed by Shipcom, but instead were staffing company contractors. (Defendant's Response at 11). Defendant points out that its defenses to the claims by non-employee contractors are different from those defenses to the claims made by its own employees. Defendant argues therefore, that this proves the potential class members are not similarly situated. (*Id.* at 13). However, the court has discretion to modify the proposed class definition if it is overly broad. *See Baldridge v. SBC Communications, Inc.*, 404 F.3d 930, 931-32 (5th Cir. 2005) (recognizing the court's power to "limit the scope" of a proposed class in a FLSA action). See also *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) ("A court also 'has the power to modify an FLSA collective action definition on its own' if the 'proposed class

definition does not encompass only similarly situated employees.' "). It is not necessary to do so here, however, because Plaintiffs have narrowed the potential class to "current and former blueprinters employed by Shipcom." Plaintiffs' Motion at 16. For that reason, any class will include only blueprinters that were employed by Shipcom, and not contractors. This is an appropriately limited class.

### 3. Evidence of others willing to opt-in

Because the Fifth Circuit has not endorsed the *Lusardi* approach, it also has not prescribed the appropriate elements to consider when applying that standard. *Rahman*, WL 2346944, at *5, *citing Mooney*, 54 F.3d at 1213–14 (saying that the Fifth Circuit "has explicitly declined to endorse any approach to conditional certification"). Some courts use three elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiffs in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. See, e.g., *McKnight*, 756 F. Supp. 2d 794; *Rahman*, 2016 WL 2346944 (unpublished); *Simmons v. T-Mobile USA, Inc.*, No. 06-CV-1820, 2007 WL 210008 (S.D. Tex. Jan. 24, 2007) (unpublished). Other courts, however, have rejected the third element. *See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H–08–1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec.11, 2008); *Villareal* 751 F.Supp.2d at 916.

Courts that require evidence of others willing to join in the litigation do so to ensure that the collective action is being used appropriately to promote judicial efficiency, rather than as a tool to burden a defendant and create settlement pressure. *Rahman*, 2016 WL 2346944 at *4, *citing Lang v. DirecTV, Inc.*, No. 10-CV-1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (unpublished) (explaining that "[t]oo much leniency at the notice stage can lead to a

frivolous fishing expedition conducted by the plaintiff at the employer's expense and can create great settlement pressure early in the case" (footnotes and internal quotation marks omitted)); *see also Simmons*, 2007 WL 210008, at *9 (stating that "[o]thers' interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action," and declining to conditionally certify a collective action, because the plaintiff presented no admissible evidence that other similarly situated individuals wanted to join the lawsuit). But, if it would be inconsistent with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes, evidence that others wish to join the lawsuit is not necessary. *Villarreal* 751 F. Supp. 2d at 916; (declining to require evidence of others willing to join); *Dreyer*, 2008 WL 5204149, at *2. (same).

This is not a case in which one Plaintiff is trying to expand the scope of his claim. Instead, this case presents seven different blueprinters each making an identical claim, and it is reasonable to believe there may be other blueprinters who, if they knew of this litigation, would be willing to join. It is apparent that conditional certification will further the goals of the FLSA, and that it is not merely a "frivolous fishing expedition." In this instance, the absence of proof that others actually want to join is not fatal to Plaintiffs' request for class certification.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' request to proceed as a collective action and Motion for Notice to Potential Class Members is **GRANTED**, and the court provisionally deems this action a collective action, and defines the conditionally approved collective class as follows:

> Current and former employees of Shipcom Wireless, Inc. who worked as blueprinters, also known as inventory location designers, inventory room designers, or inventory design specialists, between September 7, 2013, and the

present, and who were not paid for hours worked in excess of forty (40) in any given work week.

(1) Defendant is **ORDERED** to produce to Plaintiffs, no later than 14 days from entry of this Order, the names and addresses of current and former employees of Shipcom Wireless, Inc. who worked as blueprinters, also known as inventory location designers, inventory room designers, or inventory design specialists, between September 7, 2013, and the present. The contact information must be in a usable electronic form.

(2) The parties are **ORDERED** to jointly submit to the Court, no later than 14 days from entry of this Order, a proposed notice to potential class members, revised in accordance with this order.

**SIGNED** at Houston, Texas, this 21st day of April, 2017.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**