IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELICIA HENDRIX, CYNTHIA BROWN, OMAR MOHAMMAD, CARUM ROGERS, JOHN EBERLE, DOUG SHIPE, BRIAN QUINN, MICHELLE YARBOROUGH, JORGE LUIS PEREZ-ROBLES; EUNICE T. WILLIAMS, and BAKAYOKO ISMAEL on behalf of themselves and others similarly situated, § § § § § § § § § § Plaintiffs, § § vs. § § SHIPCOM WIRELESS, INC., § § Defendant. § | CIVIL ACTION NO. 4:16-CV-2714 |

**DEFENDANT SHIPCOM WIRELESS, INC.'S
AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

The defendant, Shipcom Wireless, Inc. ("Shipcom"), files this Amended Answer and Affirmative and Other Defenses to the Collective Action Complaint ("Complaint") filed by the plaintiffs, Felicia Hendrix, Cynthia Brown, Omar Mohammad, Carum Rogers, John Eberle, Doug Shipe, Brian Quinn, and Michelle Yarborough ("Plaintiffs"). In support of this Answer, Shipcom shows the Court as follows:

**AMENDED ANSWER**

Without waiving any of its affirmative or other defenses, Shipcom answers the allegations contained in the Complaint in corresponding numbered paragraphs as follows:

**I.    NATURE OF SUIT**

1.    The allegations in Paragraph 1 of the Complaint constitute, or call for, legal conclusions, and therefore no response is required. However, to the extent response is required, Shipcom denies the allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint constitute, or call for, legal conclusions, and therefore no response is required. However, to the extent response is required, Shipcom denies the allegations in Paragraph 2 of the Complaint.

3. Shipcom admits that Plaintiffs have filed this collective action to recover unpaid overtime compensation allegedly due them under section 216(b) of the Fair Labor Standards Act. Shipcom denies that this action is properly maintained as any type of class or collective action. Except as admitted herein, Shipcom denies the allegations in Paragraph 3 of the Complaint.

## II.   JURISDICTION AND VENUE

4. Shipcom admits the allegations in Paragraph 4 of the Complaint.

5. Shipcom admits that Plaintiffs have filed this collective action pursuant to section 216(b) of the Fair Labor Standards Act. Shipcom denies that this action is properly maintained as any type of class or collective action. Shipcom is without sufficient knowledge and information to form a belief as to the truth of the allegation that "[i]n connection with the acts and course of conduct alleged in this Complaint, Plaintiffs engaged in commerce or the production of goods for commerce" because the allegation is ambiguous with respect to the scope of the acts and course of conduct at issue, and therefore Shipcom denies the allegation. Shipcom admits that it is an employer which has engaged, and that it continues to engage, in commerce or in the production of goods for commerce. Shipcom is without sufficient knowledge and information to form a belief as to the truth of the allegation that it had annual gross revenues or business done of at least $500,000 during the period of time for which Plaintiffs seek recovery of damages because the Complaint is ambiguous with respect to the period at issue, and therefore Shipcom denies the allegation. Except as admitted herein, Shipcom denies the allegations in Paragraph 5 of the Complaint.

6. Shipcom admits the allegations in Paragraph 6 of the Complaint.

### III. THE PARTIES

7. Shipcom admits that it employed Plaintiff Hendrix for a period of time. Shipcom admits that Plaintiff Hendrix attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit A." The remaining allegations in Paragraph 7 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 7 of the Complaint.

8. Shipcom admits that it employed Plaintiff Brown for a period of time. Shipcom admits that Plaintiff Brown attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit B." The remaining allegations in Paragraph 8 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 8 of the Complaint.

9. Shipcom admits that it employed Plaintiff Mohammad for a period of time. Shipcom admits that Plaintiff Mohammad attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit C." The remaining allegations in Paragraph 9 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 9 of the Complaint.

10. Shipcom admits that it employed Plaintiff Rogers for a period of time. Shipcom admits that Plaintiff Rogers attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit D." The remaining allegations in Paragraph 10 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 10 of the Complaint.

11. Shipcom admits that it employed Plaintiff Eberle for a period of time. Shipcom admits that Plaintiff Eberle attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit E." The remaining allegations in Paragraph 11 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 11 of the Complaint.

12. Shipcom admits that it employed Plaintiff Shipe for a period of time. Shipcom admits that Plaintiff Shipe attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit F." The remaining allegations in Paragraph 12 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 12 of the Complaint.

13. Shipcom admits that it employed Plaintiff Quinn for a period of time. Shipcom admits that Plaintiff Quinn attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit G." The remaining allegations in Paragraph 13 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 13 of the Complaint.

14. Shipcom admits that it employed Plaintiff Yarborough for a period of time. Shipcom admits that Plaintiff Yarborough attached a "Consent to Become a Party Plaintiff" to the Complaint in this action as "Exhibit H." The remaining allegations in Paragraph 14 call for a legal conclusion, and therefore no further response is required. Except as admitted herein, Shipcom denies the allegations in Paragraph 14 of the Complaint.

15. Shipcom denies the allegations in Paragraph 15 of the Complaint.

16. Shipcom admits that it is headquartered in Houston, Texas; that it is within the jurisdiction of this Court; and that it may be served with summons and process through its

registered agent, Kent J. Pagel, at 1415 Louisiana, 22nd Floor, Houston, Texas 77002. The remaining allegations in Paragraph 16 call for a legal conclusion, and therefore no response is required. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 16 of the Complaint.

### IV. FACTS UNDERLYING THE CLAIMS

17. Shipcom admits that it employed Plaintiff Hendrix from approximately July 2014 to June 2016. Shipcom further admits that it employed Plaintiff Hendrix in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Hendrix traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 17 of the Complaint.

18. Shipcom admits that it employed Plaintiff Brown from approximately March 2016 to April 2016. Shipcom further admits that it employed Plaintiff Brown in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Brown traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Shipcom admits that Plaintiff Brown provided certain services to Shipcom by way of a contractual staffing arrangement with a staffing company called Digital Intelligence Systems, LLC prior to her employment with Shipcom in March 2016. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 18 of the Complaint.

19. Shipcom admits that it employed Plaintiff Mohammad from approximately August 2014 to June 2016. Shipcom further admits that it employed Plaintiff Mohammad in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Mohammad traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 19 of the Complaint.

20. Shipcom admits that it employed Plaintiff Rogers from approximately December 2014 to June 2016. Shipcom further admits that it employed Plaintiff Rogers in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Rogers traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 20 of the Complaint.

21. Shipcom admits that it employed Plaintiff Eberle from approximately January 2014 to July 2016. Shipcom further admits that, for a period of time, it employed Plaintiff Eberle in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Eberle traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 21 of the Complaint.

22. Shipcom admits that it employed Plaintiff Shipe from approximately November 2014 to July 2016. Shipcom further admits that it employed Plaintiff Shipe in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Shipe traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 22 of the Complaint.

23. Shipcom admits that it employed Plaintiff Quinn from approximately November 2014 to July 2016. Shipcom further admits that it employed Plaintiff Quinn in the capacity of Blueprinter, a position also referred to as Inventory Location Designer and Inventory Design Specialist. Shipcom also admits that Plaintiff Quinn traveled to various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, designing and re-organizing supply areas in various areas of the medical facilities. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 23 of the Complaint.

24. Shipcom admits that it employed Plaintiff Yarborough from approximately June 2014 to July 2016. Shipcom further admits that it employed Plaintiff Yarborough in the capacity of Logistics Lead. Shipcom also admits that Plaintiff Yarborough worked at various U.S. Veterans Health Administration medical facilities in the United States while employed by Shipcom, ensuring that various electronic equipment, including, but not limited to, kiosks, monitors, handhelds, laptops, racks, bins for racks, and weighted scales, were onsite at the medical facilities before she distributed them to Blueprinters. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 24 of the Complaint.

25. Shipcom admits that it paid each Plaintiff a salary. Except as admitted herein, Shipcom denies the remaining allegations in Paragraph 25 of the Complaint.

26. Shipcom denies the allegations in Paragraph 26 of the Complaint.

### V.   COLLECTIVE ACTION ALLEGATIONS

27. Shipcom denies the allegations in Paragraph 27 of the Complaint.

28. Shipcom denies the allegations in Paragraph 28 of the Complaint.

29. Shipcom denies the allegations in Paragraph 29 of the Complaint.

### VI.   CAUSE OF ACTION

30. Shipcom incorporates its responses to the allegations in the preceding paragraphs with the same force and effect as though fully set forth here.

31. Shipcom denies the allegations in Paragraph 31 of the Complaint.

32. Shipcom denies the allegations in Paragraph 32 of the Complaint.

### VII.   JURY DEMAND

33. Paragraph 33 of the Complaint is Plaintiffs' demand for a trial by jury, and therefore no response is required.

### VIII.   PRAYER

34. Paragraph 34 of the Complaint is Plaintiffs' prayer for relief, and therefore no response is required. To the extent that a response is required, Shipcom denies that Plaintiffs are entitled to any of the relief sought. Shipcom further denies that Plaintiffs are similarly situated, or that there are other employees who are similarly situated to Plaintiffs, and therefore avers that this action has not been properly pled or maintained as a collective action or as any type of class action.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, Shipcom pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

### FIRST DEFENSE

Plaintiffs fail to state a claim against Shipcom upon which relief may be granted.

### SECOND DEFENSE

Shipcom, at all times, acted in good faith to comply with the Fair Labor Standards Act ("FLSA") and with reasonable grounds to believe that its actions did not violate the FLSA. Shipcom asserts a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.

### THIRD DEFENSE

Plaintiffs' claims are barred, in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions

were not a violation of the FLSA. This may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTH DEFENSE

Even assuming, *arguendo*, that Shipcom had in fact failed to properly pay Plaintiffs for any of the activities alleged in the Complaint (which it did not), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTH DEFENSE

Plaintiffs' Claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities or incidental to them. This defense may also apply to the claims of some or all of the class of allegedly similarly situated person.

### SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimus non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### EIGHTH DEFENSE

Because any acts or omissions by Shipcom giving rise to this action do not constitute willful violations of the FLSA, the claims against Shipcom are subject to the two year statute of limitations. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## NINTH DEFENSE

Assuming, *arguendo*, that Shipcom violated any provision of the FLSA (which it did not), such violation was not pursuant to a uniform policy or plan. Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Shipcom. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

## TENTH DEFENSE

The Complaint, which seeks class-wide relief, must be dismissed because Plaintiffs cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise. Plaintiffs are not similarly situated to, or an otherwise adequate representative for, the persons whom they purport to represent. Furthermore, there are no employees of Shipcom who are "similarly situated" to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## ELEVENTH DEFENSE

Certain interests of the alleged putative group that Plaintiffs purport to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

## TWELFTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, judicial estoppel, collateral estoppel, *res judicata*, unclean hands and/or laches. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTEENTH DEFENSE

Shipcom has not willfully failed to pay Plaintiffs any wages and/or other monies claimed due, and there is a *bona fide*, good faith dispute with respect to Shipcom's obligation to pay any sum that may be alleged to be due. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

### FIFTEEN DEFENSE

Plaintiffs and all alleged potential class members have been paid and/or received all compensation due to them by virtue of their employment with Shipcom. All or portions of the claims set forth in the Complaint are barred because Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

### SIXTEENTH DEFENSE

Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of their stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SEVENTEENTH DEFENSE

Shipcom is entitled to offset any and all damage amounts recovered by Plaintiffs by an amount equal to any overpayment of wages or compensation. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

#### EIGHTEENTH DEFENSE

Plaintiffs are only entitled to one satisfaction for any established unlawful conduct and their claims for damages are limited by the applicable statutory maximum. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

#### NINETEENTH DEFENSE

The claims of Plaintiffs and any putative opt-in plaintiffs are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. *See* 29 U.S.C. §§ 207, 213(a), 213(b); 29 C.F.R. §§ 541.100, 541.200, 541.300.

### **PRAYER FOR RELIEF**

WHEREFORE, having fully answered, Shipcom prays that this action be dismissed, that Plaintiffs and the individuals that Plaintiffs seek to represent take nothing, that Shipcom be awarded its costs and reasonable attorneys' fees, and that Shipcom have such other and further relief, general and specific, legal and equitable, to which it is justly entitled.

Dated August 15, 2017  Respectfully submitted,

*Of Counsel:*

Luke C. MacDowall
State Bar No. 24104445
Federal I.D. No. 2983511
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
lmacdowall@littler.com

*/s/ Kerry E. Notestine*
Kerry E. Notestine (Attorney-in-Charge)
State Bar No. 15116950
Fed. I.D. No. 2423
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
knotestine@littler.com

ATTORNEYS FOR DEFENDANT
SHIPCOM WIRELESS, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 15, 2017, I filed the foregoing document with the Clerk of Court using the CM/ECF system, and that I served the same by certified mail, return receipt requested, upon counsel of record identified below:

Mark Lazarz
Daryl Sinkule
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046

*Attorneys For Plaintiffs*

**CM/RRR: 9414 7266 9904 2004 3475 75**

                                              */s/ Kerry E. Notestine*
                                              Kerry E. Notestine

Firmwide:149425931.2 084362.1003